# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| LAURENCE T. McKINNEY, M.D. | : | NO. 09-234 |

## MEMORANDUM RE: MOTION FOR JUDGMENT OF ACQUITTAL

**Baylson, J.**  August 24, 2010

The Defendant is a physician licensed in Pennsylvania who operated McKinney Medical Center, a solo practice located at 7514 Frankford Avenue, Philadelphia, PA. Dr. McKinney was charged in a 49 count indictment. Counts 1-48 charged him with illegally distributing controlled substances in violation of 21 U.S.C. § 841(a)(1). Count 49 charged maintaining a place for the illegal distribution of controlled substances, which is a crime pursuant to 21 U.S.C. § 856(a)(1). The case was tried before a jury in March 2010, following which the jury found Dr. McKinney guilty of 28 counts of distribution, and also Count 49.

Prior to trial, Dr. McKinney filed a Motion to Suppress during which the Court held an evidentiary hearing and entered a Memorandum and Order dated March 12, 2010 (Doc. Nos. 71 and 72), denying Defendant's Motion to Suppress. The background of this case is set forth in that Memorandum and will not be repeated here.

The post-trial motions are limited to arguing a Motion for Judgment of Acquittal (Doc. Nos. 103, 106 and 130). Defendant makes no motion for a new trial.

The government's witnesses were in several categories. Three undercover law enforcement officers posed as patients and to whom Dr. McKinney prescribed drugs. Four

-1-

civilians, who were his patients, testified to the circumstances under which Dr. McKinney prescribed drugs to them. The drugs were of two types, Percocet and Xanax, both of which are classified as Schedule II drugs which may not be distributed without a prescription. Inasmuch as Dr. McKinney was a licensed physician at the time, he was authorized to write prescriptions for these drugs, provided that he acted within the bounds of professional medical practice. The government also called an expert, Dr. George Woody, who opined after thorough review of Defendant's records that his prescriptions for Percocet and Xanax were not in accord with accepted medical practice.

In guiding the jury as to whether the Defendant prescribed drugs other than for legitimate medical purpose and not in the usual course of medical practice, the Court instructed the jury pursuant to Pennsylvania Code of Professional and Vocational Standards, Title 49, Chapter 16.92, which defines the authority of physicians licensed by the Commonwealth of Pennsylvania prescribe controlled substances. This instruction was given after consultation with counsel and was not subject to any objection or exception at the time of trial.

In his post-trial Motion, the Defendant claims that the government's evidence was insufficient to show that the Defendant was guilty as charged. Defense counsel had made a Motion for Judgment of Acquittal at the close of the government's case (Doc. No. 103 and 106), and again, at the close of all the evidence. The Court reserved decision and will now deny the Defendant's Motion.

Under Rule 29, F. R. Crim. P., the Court must determine whether all of the evidence, taken in the light most favorable to the government, is sufficient to support the verdict. In determining whether a physician is liable for the improper distribution of drugs, the Supreme

Court has held that physicians are subject to criminal liability when their activities fall outside the usual course of professional practice. United States v. Moore, 423 U.S. 122 (1975).

U.S. v. Tighe, 551 F.2d 18 (1977) appears to be the only precedential Third Circuit case involving similar facts. The parties have cited, and the Court will follow, the decision in United States v. Rottschaefer, 178 Fed. Appx. (3d Cir., April 27, 2006) which upheld a similar conviction, based in part on the testimony of the government's expert.

The indictment was structured as follows:

Counts 1-12 charged unlawful distribution of Percocet to different individuals, the details of which are set forth on government Exhibit 93A. Counts 30-48 charged illegal distribution of Xanax to some of the same individuals, the details of which are shown on government Exhibit 94A. As the verdict sheet shows, the jury was highly selective and discriminating in terms of determining whether the Defendant was guilty or not guilty on specific charges.

To the extent the testimony can be generalized, as a rule, Dr. McKinney was more careful and professional the first time a particular individual consulted him. He performed a physical examination, took some oral history and ascertained from the patient some need for the drugs. The fact that those specific examinations may not have been a model for professional practice is not determinative of whether Dr. McKinney is guilty under the charges in the indictment. However, Dr. McKinney was generally careless and lacking in any professional diligence on repeat visits by the same patient. For example, as to one witness, Amy Rudnitskas, who was a patient of Dr. McKinney's, the jury found that Dr. McKinney was not guilty on Counts 1-3, charging him with distributing Percocet to Ms. Rudnitskas on visits on July 16, August 19, and September 7, 2007, and also not guilty on Count 30, charging Dr. McKinney with distributing

Xanax to her on August 18, 2007. The counts on which Dr. McKinney was found guilty relating to Ms. Rudnitskas, relate to the following dates of her visits:

| Count | Date |
| --- | --- |
| 8 | 10/18/07 |
| 12 | 11/27/09 |
| 22 | 1/22/08 |
| 32 | 10/9/07 |
| 34 | 11/26/07 |
| 41 | 1/17/08 |

As to Ms. Rudnitskas, the testimony shows that on the above dates, as opposed to the earlier dates, Dr. McKinney did not reevaluate her physical condition and made no further notations in her file as to her medical condition. The jury was, therefore, entitled to find that Dr. McKinney failed to meet the minimum standards required of a physician prescribing controlled substances as set forth in the Pennsylvania Code, Title 49, Chapter 16.92.

The cursory exam which Dr. McKinney gave Ms. Rudnitskas on the subsequent dates as to which he was found guilty is notably deficient compared to the exam he gave her when she first went to his office on July 16, 2007. At this visit, she gave a history which included difficulty in sleeping, and Dr. McKinney performed a physical exam.

As to witness Thomas King, the jury found Dr. McKinney not guilty as to visits that Mr. King made, as charged in Count 4 on September 7, 2007, and Count 31 also on September 7, 2007. However, the jury did find Dr. McKinney guilty on the following Counts concerning subsequent visits by Mr. King:

| Count | Date |
|---|---|
| 5 | 9/21/07 |
| 6 | 10/6/07 |
| 7 | 10/17/07 |
| 9 | 10/23/07 |
| 10 | 11/15/07 |
| 19 | 1/14/08 |
| 24 | 1/28/08 |
| 33 | 11/23/07 |

Once again, Mr. King's testimony and Dr. McKinney's records show that for the first visit on September 7, 2007, for which Dr. McKinney was found not guilty, Dr. McKinney took a verbal history which included the patient suffering with back and knee problems, Dr. McKinney performed a physical exam. However, on subsequent visits, there was no record in the patient's file and no discussion of the follow-up from the first visit. On later visits, Dr. McKinney's notes failed to show any changes in symptoms or record any other information about the patient. Indeed, as further evidence of the dispensation without regard to professional standards, on October 23, 2007, Dr. McKinney learned that Mr. King was going to drug rehab and told him not to return to Dr. McKinney. The records show that Mr. King was discharged for "abusing medicine." Notwithstanding this, Mr. King returned to Dr. McKinney's office on November 15, 2007 when Dr. McKinney wrote him a prescription for Percocet, and on November 21, 2007, a prescription for Xanax. Thus, the concern about Mr. King being a drug addict was quickly forgotten and ignored.

Concerning patient Susan M. Brzycki, Dr. McKinney was found guilty as to Count 14 for

her treatment on December 21, 2007. However, Defendant was found not guilty of a visit on January 9, 2008 as charged in Count 18, and for a visit on January 28, 2008[1] as charged in Count 25 for a visit on January 31, 2008 as charged in Count 29. Once again, the testimony concerning the charge in Count 14, the only count involving Susan Brzycki as to which Dr. McKinney was found guilty, is supported by the evidence. Ms. Brzycki did not fill out any paperwork, there is no patient file, there was a cursory physical exam, and no medical history was taken, following which Dr. McKinney wrote her a prescription for Percocet. Dr. McKinney was not charged with the distribution of Xanax to Ms. Brzycki on the same day. It should be noted on the subsequent visits, for which Dr. McKinney was found not guilty, he did take a history and complete patient information forms.

As to undercover police officer Anthony Floyd, Dr. McKinney was found guilty on the following counts on the following dates:

| Count | Date |
| --- | --- |
| 17 | 1/2/08 |
| 20 | 1/18/08 |
| 26 | 1/30/08 |
| 42 | 1/18/08 |
| 46 | 1/30/08 |

It should also be noted, at Officer Floyd's request, Dr. McKinney prescribed drugs for an individual who he never saw and as to whom Officer Floyd gave a fictitious name, Shania Wilson, on January 30, 2008. Count 27 and Count 47, both on January 30, refer to this situation.

---

[1] Exhibit 93A erroneously shows this date as January 28, 2005, a typographical error.

The testimony for Officer Floyd is similar to the above witnesses, with limited exams.

Concerning undercover police officer Wayne Arnold, Dr. McKinney was found guilty on the following Counts:

| Count | Date |
|---|---|
| 21 | 1/18/08 |
| 28 | 1/30/08 |
| 43 | 1/18/08 |
| 48 | 1/30/08 |

The evidence from Officer Arnold shows that the physical exam was quick and superficial, there was no paperwork completed, Dr. McKinney filled out the prescription with little medical justification being received whatsoever.

The last witness produced was undercover police officer John Coyne. Dr. McKinney was found guilty on the following Counts:

| Count | Date |
|---|---|
| 23 | 1/22/08 |
| 44 | 1/22/08 |

As with the other witnesses, Dr. McKinney did have a patient file, did not conduct any kind of physical exam, only asked Officer Coyne if he had back pain, looked at his shirt, hooked him up to a machine and then gave him a prescription for Percocet and Xanax.

It should be noted that for all of these patients, Dr. McKinney collected fees, usually $100 per visit. The government introduced evidence that Defendant had a motive to accumulate large amounts of cash from his improper medical practices because he was having an affair with an

exotic dancer and also had a gambling addiction.

The testimony of Dr. Woody adds support to the above-cited evidence. Initially, Defendant attacks Dr. Woody's qualifications to give the report that he did, without any legal foundation. Although Dr. Woody is a psychiatrist by training, he testified before the jury of his extensive knowledge of drugs, the practice of prescribing drugs, and what drugs can be abused, when although medically indicated for pain, are used by addicts and foster and perpetuate addiction. Dr. Woody testified that Percocet and Xanax were drugs well known for this purpose. See N.T. 3/24/10, pp. 45-51. Dr. Woody noted that noted that many of Dr. McKinney's prescriptions were for a high level dosage and for a thirty-day period, which he found to be most unusual. Dr. Woody found that there was no documentation in the record to substantiate the use of a potent opiate for an initial visit for pain, having identified that opiate as Percocet. (N.T., p.66). He also did not find justification for pain of the severity that would justify using opiates as a first line of treatment. (N.T., p. 67). On redirect, after a vigorous cross examination, Dr. Woody supplemented his earlier opinion from the patient files that he had reviewed, he did not see any medical history that would justify pain that would have required the dosage prescribed by Dr. McKinney. (N.T., pp. 119-121).

Defendant's Motion does not present any specific arguments in support of his Motion for Judgment of Acquittal as to Count 49. He argues that the asserted insufficient evidence as to Counts 1-48 require a judgment of acquittal on Count 49. Although there is a simplistic logic to this argument, it is belied by the more than abundant evidence the government introduced to support the jury's verdict of guilty on the counts as to which Dr. McKinney was found guilty, and that he conducted his medical practice from the building he owned, as a "pill mill" feeding the

habits of known drug addicts.

      For these reasons, the Defendant's Motion for Judgment of Acquittal will be denied.

      An appropriate Order follows.

O:\Criminal Cases\09-234 McKinney, US v\US v. McKinney - Memo Mot Judgment Acquittal.wpd